# SUPREME COURT.

### JAMES NOBLE agt. ALEXANDER TROTTER.

The service of a paper by mail, is good, although deposited in the post office, on the last day for service, *after the mail has closed*, if otherwise made in conformity to the statute and the rules of the court. (The case of *Maher* v. *Comstocks*, 1 Howard's Pr. R. 87, regarded as standing alone, if not overruled.)

*Chenango Special Term, April*, 1850.—This is a motion to set aside a judgment and for leave to serve the answer, &c. Mr. Cowles, the defendant's attorney lives at Roxbury in the county of Delaware, and Mr. Champlin, the plaintiff's attorney, resides at Hobart in the same county. On the

last day for serving the answer, the defendants' attorney deposited the answer in the post-office at Roxbury, properly enclosed and addressed to the plaintiff's attorney at his residence at Hobart, and paid the postage thereon, between which places there was a regular communication by mail. The letter enclosing the answer was deposited in the post-office about the hour of four, P. M., after the mail for that day had departed for Hobart. The mail for Hobart, in fact, left Roxbury at 10, A.M., the usual hour for its departure, and the answer was not in fact, received by the plaintiff's attorney until two days thereafter; and in the meantime the plaintiff's attorney had perfected his judgment and refused to receive the answer, and on a further application of the defendant's attorney, he insisted on retaining his judgment. Defendant now moves to have the same set aside.

A. C. COWLES, *for defendant.*
W. B. CHAMPLIN, Jr., *for plaintiff.*

MASON, Justice.—The answer in this case was served on the last day for serving, by depositing the same in the post-office, addressed to the plaintiff's attorney, and paying the postage thereon. The mail left Roxbury at 10 o'clock, A.M., of the day of service, and the answer was not mailed until 4 o'clock, P.M., of the day, and the answer was received two days thereafter by plaintiff's attorney, who had in the meantime entered a judgment against the defendant as for a default to answer; and the plaintiff's attorney refusing to receive the answer, or to vacate the judgment on the defendant's application, the defendant now moves upon affidavits to set aside the judgment, and for leave to serve his answer, if the service shall not be deemed good, and he presents also an affidavit of merits. The plaintiff's attorney insists upon the authority of the case of *Maher* v. *Comstocks*, (1 Howard's Pr. R. 87,) that the answer was served too late, and that the plaintiff was right, therefore, in insisting upon his judgment. It cannot be denied but that the case seems to favor the views taken by the plaintiff's attorney. The case decides, in short, that a plea deposited at 6 o'clock, P.M., in the post-office at Troy, on the last day for serving, addressed to the plaintiff's attorney at Albany, his place of residence, was not served in time; it appearing that the mail for Albany closed at 4, P.M. and departed at 5; and that the time of the closing and departing of the mail was notorious to all business men of Troy. I feel constrained to say in relation to that case, that I regard it as doubtful authority, and have not been able to ascertain upon what principle the case was decided. If the case was decided upon the ground that the service of a pleading on the

last day by depositing it in the post-office, must be served at all events, before the mail of that day departs, then I do not think the case should be followed, for in many places where mail services are made, the mail departs long before business men are out of their beds, and very many places, long before the business hours of opening attorney's offices. If the case, on the contrary, was decided upon the ground that the hour of closing and departing of the mail from Troy to Albany, being notorious, and at quite a late hour in the day, the court would regard a service made an hour after the mail had departed, as evidence of an intention on the part of the defendant's attorney to delay the receipt of the plea by the attorney for the plaintiff, until the evening of the next day, and thereby lead the attorney for the plaintiff into a default and the entry of judgment, then the case is not so objectionable ; and in that case, there was no excuse offered in the papers, why the plea was not mailed before the departure of the mail. I should remark, however, in relation to that case, that it stands alone, and no reasons are assigned for the decision ; and we are left, therefore, to conjecture alone upon what ground the case was decided ; and I have not been able satisfactorily to reconcile it with some subsequent cases. It was decided in the case of *Brown* v. *Briggs*, (1 How. Pr. R. 152,) that the depositing of the plea in the post-office within the twenty days and paying the postage thereon, was good service, although the attorney to whom it was directed, did not receive it till after the twenty days had expired ; and in the case of *Radcliff* v. *Van Benthuysen*, (3 How. Pr. R. 67,) it was held that the depositing of a plea in the post-office within the twenty days was good service, although not received until eight days after the service, and a default which was entered in the meantime was set aside as irregular ; and it was adjudged in the still later case of *Schenck* v. *McKie*, (4 How. Pr. R. 246,) on depositing the papers in the proper post-office, properly addressed, and paying postage, the service under the 410th section of the code was deemed complete, and that the party to whom it was addressed, took the risk of the failure of the mail. See also the case of *Jacobs* v. *Hooker*, (1 Barb. R. 71.) I do not entertain any doubt in this case, whatever may be said of the decision of the case of *Maher* v. *Comstocks*, *supra*, that under the present Code of Procedure, the service of the answer in the case under consideration was good, and made in time. The 409th section of the code fixes the service hours from six in the morning to nine in the evening ; and the requirements of sections 410 and 411 of the code, were fully met by depositing the answer in the post-office, at the residence of the defendant's attorney, at the hour of 4, P.M. properly addressed, and paying the post-

age thereon, although the mail for that day had departed at 10, A. M. and although the answer was not received by the plaintiff's attorney until two days thereafter, as the papers showed, that there was a regular mail communication between the two places. This motion to set aside the judgment must therefore be granted; but as the plaintiff's attorney relied upon the authority of the case of *Maher* v. *Comstocks*, I am of opinion that the motion should be granted without costs, and the defendant may have ten days to serve his answer.

NOTE.—In this case, Mr. Justice MASON has undoubtedly taken the correct view of the case of *Maher* v. *Comstocks*, (1 Howard's Pr. R. 87.) That case stands alone, and has never been adopted as general authority. The reporter's recollection of that case is (it was not reported as fully as it should have been,) that he thought Chief Justice NELSON discovered, by the papers, a strong tendency on the part of one of the defendant's attorneys, to get some advantage, in the way of costs at least; and it appearing very evident that the service of the plea was *intentionally* delayed until after the mail had closed for the day, he decided to consider the plaintiff regular.